## DODGE v. KELLER.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8495. Decided Nov. 7, 1927.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

413. DIVORCE AND ALIMONY—883. Parent and Child—Father not liable for funeral expenses of deceased child, custody of which had been awarded to mother in divorce proceedings, where father has paid alimony stipulated in decree.

Error to Municipal Court.
Judgment affirmed.

Robert M. Pierce, Cleveland, for Dodge.

White, Hammond, Brewer & Curtiss, Cleveland, for Keller.

STATEMENT OF FACTS.

In the court below, Dodge, who was an undertaker, brought an action to recover for funeral services, rendered at the funeral of Keller's daughter. At the trial, a judgment was entered for the defendant Keller and a motion for a new trial was made and overruled.

The decedent was the daughter of Charles Keller and Alice Keller. Prior to the proceedings instituted in the court below, there had been a divorce suit filed by Keller against his wife, and, at the hearing, a decree was entered in favor of Keller for the aggressions of the wife. The wife, however, was given the custody of this minor child and Keller was ordered to pay $1,000 at stated times, as provided for in the decree, and thereafter, he

having paid all the payments that were due, but while there was still some $240 remaining unpaid afterward to become due, the daughter died, she being in the custody and control of the mother. The mother apparently made a contract, or employed Dodge as a funeral director, and it is claimed that, in pursuance of that contract, he rendered the services for which suit was brought.

OPINION OF COURT.

The following is taken, verbatim, from the opinion.

VICKERY, J.

It must be remembered, in this case, that Mrs. Keller had made this contract and the child was in her support, care, control and custody and it does not appear why the suit was not brought against the mother. She surely was responsible for this obligation, in view of the decision upon this proposition, namely, Rowland v. State, 32 Oh. Ap. 75.

We are not unmindful of the fact that this was a criminal case and the decree of divorce in that case, in so many words, released the father from any further liability. We are likewise not unmindful of the fact that this court, to wit, the Third District, recognized the duties imposed by a father to maintain his children in case of necessities, even where there had been a divorce, but we think that this case and others are authority for the doctrine that this sort of a suit could not be predicated against the father.

Under the rules of the law and the evidence in this case, we do not think a suit could be planted against the father.

(Sullivan, PJ., and Levine, J., concur.)